## J. L. DAVIDSON V. THE STATE.

1. A new trial being asked on account of newly discovered evidence, there was no error in refusing it when such evidence could only impeach the credibility of the principal witness for the State, and there was other testimony besides his, sufficient to support the conviction.

2. An affidavit for a new trial on account of newly discovered evidence, should clearly show that the use of proper diligence would not have made the evidence available at the trial.

3. Unless it clearly appears that injustice has been done or material error committed in the refusal of a new trial, this court will not disturb the judgments of the courts below.

APPEAL from the Criminal Court of Harris county. Tried below before the Hon. Samuel Dodge.

The appellant was indicted and found guilty of the theft of two valises of clothing from the Fannin House, in Houston. R. L. Anderson, the proprietor of the hotel, was the principal witness for the State.

The accused applied for a new trial, basing his application on the discovery since the trial, that by one James Smith he could have proved that Anderson told him, Smith, that he, Anderson, knew nothing about the two valises; and offered him, Smith, ten dollars to testify at the trial that the accused took them. Accused stated in his affidavit that he did not know Smith until after the trial, as an excuse for not having this evidence on that occasion.

Smith's affidavit, substantially to the effect stated by the accused, was filed.

The motion for a new trial was overruled and the accused appealed.

*Oliver & Rogers*, for appellant.—We think the motion for a new trial, on account of newly discovered evidence, is in harmony with the requirements of the statute, (Paschal's Dig., Crim. Pro.,

Art. 3137, § 6,) or, rather, with the practice of our courts, for the statute does not definitely prescribe the requisites of a motion based upon newly discovered evidence, (see Paschal's Dig., Art. 1473,) and that the motion should have been sustained. If the motion, in cases of newly discovered evidence, is in compliance with the law; if the evidence be discovered since the trial; if it be material; if it was not the fault of the defendant that it was not discovered before the trial; and if it would probably change the verdict, then we take it that it is hardly a matter of discretion with the court, but that a new trial follows as an absolute and legal right to the defendant. (Watts v. Johnson *et al.*, 4 Tex. Reps., 311, and authorities there cited; Ables v. Donly, 8 Id., 336–7; Gay v. McGuffin, 9 Id., 503; Mitchell v. Bass, 26 Id., 376, *et seq.*)

It should be borne in mind that, according to his affidavit, the defendant was not aware that such a man as James Smith lived, until after the trial; that he was kept confined in the county jail until the very hour of his trial, debarred of the privilege and opportunity of exercising the diligence contemplated by the law, in procuring testimony.

We are aware that new trials are seldom granted where the object of the newly discovered evidence is solely to impeach a witness of the State who testified at the trial.

But while this is conceded, it will be discovered that James Smith's testimony, as per his affidavit, goes far beyond the impeachment of R. L. Anderson, the principal witness for the State, and develops the fact that not only does he (Smith) know that the defendant is not guilty of the larceny laid to his charge, but that he (Smith) was offered a bribe of, first, five and then ten dollars by Anderson, if he would appear at the trial and testify to that which, at the time of the attempted bribe, Smith declared was not true. And certainly this is not impeaching Anderson. Smith was the watchman at Anderson's house, and it appears reasonable

that he, above all others, should have a knowledge of the disposition of property placed under his care. Nor do we conceive that Smith's testimony would go solely for the purpose of impeaching the evidence of John Cole, the other witness for the State, while the evidence of all the witnesses for the defendant, upon a new trial, would go to support Smith. We do not believe that the justice of the case has been attained. And that a vindication of the humane provisions of the law will remand the case for a new trial.

No brief for the State.

WALKER, J.—The only error assigned in this case is that the court erred in overruling the appellant's motion for a new trial, on the ground of newly discovered evidence.

We think it was not error for the court to overrule the motion. The affidavit offered in support of the motion, if the court had believed it true, was not such as to entitle the appellant to a new trial. The evidence offered by the State is of such a character that had the matters proposed to be proven by the newly discovered evidence been proven on the trial, while they might have damaged the credibility of the principal witness for the State, R. L. Anderson, would still have left abundant testimony to support the verdict.

The affidavit does not clearly show that by proper diligence the evidence (claimed as newly discovered) could not have been produced upon the trial.

This court will not disturb the rulings of the district and criminal courts upon matters of this kind, unless it clearly appear that injustice has been done or errors committed such as make it obligatory upon us to interfere with that discretion which is primarily vested in those tribunals.

The judgment of the court below is affirmed, and the case remanded.

Affirmed.